**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **No. 5:25-CR-44-CAR-CHW** |
| **GREGORY ALEXANDER TWYMON,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**ORDER ON DEFENDANT'S UNOPPOSED MOTION TO CONTINUE**

Before the Court is Defendant Gregory Alexander Twymon's Unopposed Motion

to Continue [Doc. 49] the hearing on the Government's Motion in Limine scheduled for

May 4, 2026,[1] and the jury trial scheduled for May 5, 2026, to the next available term

before the Court. On June 10, 2025, the Grand Jury returned a four-count indictment

charging Defendant with possession with intent to distribute methamphetamine,

possession of a firearm in furtherance of a drug trafficking crime, possession of a firearm

by a convicted felon, and possession of a firearm with an obliterated serial number. On

October 14, 2025, Defendant was appointed counsel, pled not guilty at his initial

appearance, and was ordered detained pending trial. On October 15, 2025, Defendant

---

[1] *See* Mot. in Limine, Doc. 33; *see also* Doc. 37 (setting motion hearing for May 4, 2026).

filed his request for discovery.[2] This case has been continued once,[3] and the Government does not oppose this request for an additional continuance.[4]

Defense counsel represents on May 1, 2026, the defense was served with additional discovery consisting of two cellular phone downloads, a written witness statement, and other discoverable evidence the Government intends to use at trial.[5] Defense counsel represents the two cellular phone downloads will need to be reviewed by a forensic expert so that she can properly prepare a defense.[6] Also, defense counsel anticipates that additional litigation and briefing will be required to address the admissibility of recently disclosed evidence.[7]

Having considered the matter, the Court finds it serves the ends of justice to grant Defendant's request. The ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. Failure to grant a continuance would deny counsel reasonable time to address these matters and could result in a miscarriage of justice. Thus, the Court **GRANTS** Defendant's Unopposed Motion to Continue [Doc. 49], and **HEREBY ORDERS** that the hearing on the Government's Motion in Limine be continued to May 13, 2026, and the trial be continued until June 1, 2026, the undersigned's next regularly-scheduled term of court for the Macon Division. The delay

---

[2] On October 14, 2025, the Court's Standard Pretrial Order was filed. Doc. 14.

[3] *See* Order Def.'s Unopposed Mot. Continue, Doc. 20.

[4] Doc. 49 at 2.

[5] *Id.*

[6] *Id.*

[7] *Id.*

occasioned by this continuance shall be deemed excludable pursuant to the provisions of

the Speedy Trial Act, 18 U.S.C. § 3161.

**SO ORDERED,** this 1st day of May, 2026.

s/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT