IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | **Case No. 5:25-cr-44-CAR-CHW** |
| GREGORY ALEXANDER TWYMON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Currently before the Court is Defendant Gregory Twymon's objection to the Government's Notice of Evidence Pursuant to Federal Rule of Evidence 404(b) and request to exclude three of Defendant's prior convictions the Government seeks to introduce at trial under Federal Rule of Evidence 404(b) on timeliness grounds.[1] At the pretrial conference on May 13, 2026, the Court reserved ruling on the admissibility of the three prior convictions under Rule 404(b). After further consideration of the Parties' arguments, the Court **GRANTS** Defendant's request to exclude all three prior convictions.

## BACKGROUND

On June 10, 2025, the Grand Jury returned an indictment charging Defendant with the following counts: (1) possession with intent to distribute methamphetamine; (2)

[1] Docs. 55, 32.

1

possession of a firearm in furtherance of a drug trafficking crime; (3) possession of a firearm by a convicted felon; and (4) possession of a firearm with an obliterated serial number.[2] On October 14, 2025, the United States Magistrate Judge entered the Court's Standard Pretrial Order, directing the Government to notify Defendant of its intention to introduce extrinsic act evidence under Rule 404(b) within 30 days of the Order's date.[3] The next day, Defendant filed his Request for Discovery, asking the Government to produce evidence that it intends to introduce at trial under Fed. R. Evid. 404(b).[4] Under the Court's Standard Pretrial Order, the time for the Government to notify Defendant of its intent to introduce Rule 404(b) evidence expired on November 13, 2025.

This case was originally set for trial on May 5, 2026. On April 27, 2026, over five months after the deadline for the Government to notify Defendant of its intent to introduce Rule 404(b) evidence expired and eight days before this case was originally set for trial, the Government filed its Notice of Rule 404(b) evidence ("404(b) Notice"), stating its intent to introduce three of Defendant's prior convictions: (1) a 2018 conviction for

---

[2] Doc. 1. On May 13, 2026, the Grand Jury returned a superseding indictment charging Defendant with the following counts: (1) conspiracy to possess with intent to distribute controlled substances; (2) possession with intent to distribute methamphetamine; (3) possession of a firearm in furtherance of a drug trafficking crime; (4) possession of a firearm with an obliterated serial number; and (5) possession of a firearm by a convicted felon. Doc. 56.

[3] Doc. 14 at 2. The Standard Pretrial Order provides as follows: "[I]t is . . . ORDERED that on or before thirty (30) days from the date of this Order, the parties shall confer and the following shall be accomplished: . . . 8. The government shall advise the defendant of its intention to introduce extrinsic act evidence pursuant to Federal Rules of Evidence Rule 404(b). The government shall provide notice regardless of how it intends to use the extrinsic act evidence at trial, i.e. during its case–in–chief, for impeachment, or for possible rebuttal. Furthermore, the government shall apprise the defense of the general nature of the evidence of extrinsic acts." *Id.* at 1-2.

[4] Doc. 16 at 6.

possession of a firearm by a convicted felon; (2) a 2018 conviction for criminal attempt to possess methamphetamine; and (3) a 2022 conviction for possession of methamphetamine.[5]

The Court held a third pretrial conference on May 13, 2026.[6] At the hearing, the Court reserved ruling on the admissibility of the three prior convictions.[7] Defendant renewed his objection and argued that the Court should exclude the Rule 404(b) evidence on timeliness grounds. The Government did not provide any reason for the delay in filing its 404(b) Notice.

## DISCUSSION

Defendant objects to the Government's proffered Rule 404(b) evidence and argues the Court should exclude the three prior convictions because the Government's 404(b) Notice failed to comply with Rule 404(b)(3)'s notice requirement and the Court's Standard Pretrial Order. This Court agrees.

Regarding "Notice in a Criminal Case[,]" Federal Rule of Evidence 404(b)(3) provides as follows:

> In a criminal case, the prosecutor must: (A) provide reasonable notice of any [Rule 404(b)] evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it; (B) articulate in the

---

[5] Doc. 32 at 2. The Government contended that Defendant's prior convictions in 2018 and 2022 relating to the possession of methamphetamine are admissible under Rule 404(b) because they show intent, knowledge, and absence of mistake or accident, and the Government asserted that Defendant's prior conviction in 2018 for possession of a firearm by a convicted felon is admissible under Rule 404(b) because this conviction shows intent. *Id.* at 4, 9-10.

[6] Doc. 59.

[7] *Id.*

notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and (C) do so in writing before trial--or in any form during trial if the court, for good cause, excuses lack of pretrial notice.[8]

The Advisory Committee's note on the 2020 amendments explains "[a]dvance notice of Rule 404(b) evidence is important so that the parties and the court have adequate opportunity to assess the evidence, the purpose for which it is offered, and whether the requirements of Rule 403 have been satisfied[.]"[9] Accordingly, "[t]he policy behind 404(b)['s] [notice requirement] is 'to reduce surprise and promote early resolution on the issue of admissibility.'"[10] In sum, "[n]otice must be provided before trial in such time as to allow the defendant a fair opportunity to meet the evidence, unless the court excuses that requirement upon a showing of good cause."[11]

In *United States v. Perez-Tosta*, the Eleventh Circuit emphasized "[t]he rule imposes no specific time limits beyond requiring reasonable pretrial notice[]" because, as "the Committee notes explain[,] . . . 'what constitutes a reasonable . . . disclosure will depend largely on the circumstances of each case.'"[12] "[I]n determining the reasonableness of pretrial notice under [Rule] 404(b)[,]" the court should consider the following circumstances: "(1) [w]hen the Government, through timely preparation for trial, could

---

[8] Fed. R. Evid. 404(b)(3).

[9] Fed. R. Evid. 404(b) advisory committee's note to 2020 amendments.

[10] *United States v. Perez-Tosta*, 36 F.3d 1552, 1561 (11th Cir. 1994) (quoting Fed. R. Evid. 404(b) advisory committee's note to 1991 amendments).

[11] Fed. R. Evid. 404(b) advisory committee's note to 2020 amendments.

[12] *Perez-Tosta*, 36 F.3d at 1561 (quoting Fed. R. Evid. 404(b) advisory committee's note to 1991 amendments).

4

have learned of the availability of the [evidence]; (2) [t]he extent of prejudice to the opponent of the evidence from a lack of time to prepare; and (3) [h]ow significant the evidence is to the prosecution's case."[13]

The Court finds the first and third *Perez-Tosta* factors weigh in favor of the conclusion that the Government's Rule 404(b) notice was not reasonable.  Regarding the first factor, "the Government [is] charged with the knowledge of 404(b) evidence that a timely and reasonable preparation for trial would have revealed."[14] The three prior convictions were readily available to the Government during its pre-indictment investigation, and the Government had more than enough time to file its 404(b) Notice during the 30-day period set forth in the Court's Standard Pretrial Order. The Government waited over five months after the Court's deadline expired to file its 404(b) Notice and did so only eight days before this case was originally set for trial. The Government offers no explanation for the over-five-month delay, and the Court can find none. Regarding the third factor, the Rule 404(b) evidence is not highly significant to the Government's case-in-chief because the Government has "still built a clearly viable case without [the Rule 404(b) evidence]."[15]

---

[13] *Id.* at 1562. The court may also consider whether the government complied with the court's scheduling order in filing its notice. *See United States v. Hernandez*, No. CR 1:12-CV-322-AT, 2015 WL 10710164, at *9 (N.D. Ga. Feb. 2, 2015), *aff'd*, 626 F. App'x 900 (11th Cir. 2015) (granting the defendant's motion to exclude Rule 404(b) evidence because the government did not timely provide pretrial notice under Rule 404(b) and failed to comply with the court's scheduling order).

[14] *Perez-Tosta*, 36 F.3d at 1561.

[15] *Hernandez*, 2015 WL 10710164, at *9.

Regarding the second factor, any prejudice to Defendant caused by a lack of notice was ameliorated by the Court's granting of a continuance which the Government made necessary by its belated production of discovery. Although prejudice to the defendant "should weigh heavily in the court's consideration[,]" the second factor is not dispositive.[16] Moreover, the Court finds instructive the *Perez-Tosta* Court's admonition that "the notice requirement's purpose . . . is not served by allowing mere negligence to excuse a prosecutor's failure to give notice."[17]

Based on its review of the three *Perez–Tosta* factors and consideration of the Government's failure to comply with the Standard Pretrial Order's notice requirement, the Court concludes that the Government failed to provide reasonable notice regarding its intent to introduce the Rule 404(b) evidence. The Court reaches the same conclusion under both the Standard Pretrial Order's notice requirement and Rule 404(b)'s reasonable notice standard.

## CONCLUSION

For the reasons explained above, the Court **GRANTS** Defendant's request to exclude the Rule 404(b) evidence of Defendant's three prior convictions.

**SO ORDERED,** this 27th day of May, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[16] *Perez-Tosta*, 36 F.3d at 1561.

[17] *Id.*